AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 1:25-MJ-225(DJS) |
| SHANE DALEY, | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. From or about December 4, 2024 through on or about December 7, 2024, in Saratoga County in the Northern District of New York, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2261A(2)(B) | Cyberstalking |

This criminal complaint is based on these facts:
☒ Continued on the attached sheet.

*Thomas Ford*

Complainant's signature
FBI Special Agent Thomas Ford
Printed name and title

Attested to by the Affiant by telephone in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: August 8, 2025

Judge's signature

City and State: Albany, New York

Hon. Daniel J. Stewart, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Thomas Ford, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and am assigned to the FBI's Violent Crimes Task Force in New York, New York. I have been trained in various aspects of law enforcement, including investigation of murder, firearms, gang, and narcotics offenses. I have also received training in, among other law enforcement topics, interview and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, and computer evidence identification. I have personally participated in the execution of arrest warrants, search warrants, surveillance of targets, and consensual monitoring of electronic communications. As an FBI Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses.

2. I respectfully submit this affidavit in support of a criminal complaint charging Shane DALEY with cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). This affidavit is based upon my conversations with other law enforcement officers, my examination of documents obtained through a court authorized search warrant, my review of documents prepared by others, voice mail recordings, and security camera video, as well as my involvement in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported in this affidavit, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE

### *Background*

3. Based on my participation in this investigation, my conversations with other law enforcement officers, my review of documents prepared by others, and my review of security camera video, I have learned, among other things, that on December 4, 2024, at approximately 6:45 a.m., Brian Thompson, the Chief Executive Officer of a nationwide health insurance company was shot and killed as he walked down the street in midtown Manhattan on his way to attend an investor conference at a nearby hotel. As Thompson approached his destination, a masked gunman—later identified to be Luigi Nicholas Mangione—emerged from between two parked cars and shot Thompson in the leg and torso, causing his death.[1]

### *Threatening and Harassing Voice Messages Directed at Victim-1*

4. Based on my participation in this investigation and my conversations with a member of Thompson's family ("Victim-1"), I have learned that Victim-1 is a resident of Minnesota and is employed at a company ("Company-1") outside of New York State. From on or about December 4, 2024 through on or about December 7, 2024, a male caller placed a series of phone calls to Victim-1's phone line at Company-1. The male caller left four voicemail messages (the "Voice Messages") directed at Victim-1. The tone and content of the Voice Messages were threatening in nature and left Victim-1 in fear for her safety and the safety of her family members, as well as causing Victim-1 substantial emotional distress.

---

[1] On April 17, 2025, a grand jury in the Southern District of New York returned an indictment charging Mangione with federal offenses in connection with the murder of Thompson, including violations of 18 U.S.C. §§ 2261A(1)(A) and 2261(b)(1), 18 U.S.C. §§ 2261A(2)(A), 2261(b)(1), 18 U.S.C § 924(j), and 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and (c)(1)(B)(ii). *See* Dkt. ## 21-22, *United States v. Luigi Nicholas Mangione*, No. 25 Cr. 176 (MMG) (S.D.N.Y. Apr. 17, 2025).

3

5.  Based on information obtained from Company-1 and Victim-1, I have learned, among other things, the following:

    a.  Company-1 maintains records of incoming calls in which a caller leaves a voicemail message on an employee's phone line and retains the messages on its recording system for a period of time after they are received. Company-1's records indicate that a phone with a phone number ending with the digits 2904 (the "'2904 Phone") left four voicemail messages on a dedicated internal line used exclusively by Victim-1 on the following dates and times:

> **Dec. 4, 2024 – 7:45:55 p.m.** (the "7:45 Voice Message")
> **Dec. 4, 2024 – 7:48:30 p.m.** (the "7:48 Voice Message")
> **Dec. 4, 2024 – 8:55:18 p.m.** (the "8:55 Voice Message")
> **Dec. 7, 2024 – 7:44:18 p.m.** (the "Dec. 7 Voice Message")

    b.  Each of the Voice Messages was left by the same male caller, who used graphic and threatening language to directly address Victim-1. The content of the messages focused on Thompson's murder and expressed glee about Thompson's death. The caller also stated that Victim-1 and Victim-1's children deserved to suffer a similar fate. In total, the voicemails, transcribed below, lasted between eleven and twenty-eight seconds and were laced with threats of continued violence.

> **The 7:45 Voice Message:**
> Uh, yeah. Your [family member] got lit the fuck up cause he's a fucking asshole. Profiting off the fucking, off the backs of poor Americans. This shit is gonna keep happening to you fucking pricks. Fuck you.
>
> **The 7:48 Voice Message:**
> Yeah, fuck you. You fucking cunt. Make sure to tell your fucking retarded ass kids that their dad died cause he was a fucking capitalist pig. 10.2 million a year, fucking insider trading bullshit. Making a fucking living off of backs of poor Americans. You all deserve to fucking die and burn in hell. Fuck you. Fuck your fucking kids. Fucking suffer.
>
> **The 8:55 Voice Message:**
> Fuck you, bitch. Oh, we are shattered to hear about the senseless killing of our beloved

Brian. Brian was an incredibly loving, generous, and talented man who truly lived life to the fullest and touched so many lives.[2] Fuck you. Your [family member] was a fucking prick, and you're a fucking cunt, and I hope you suffer as much as humanly possible, you stupid bitch. You deserve to die begging for your life on the cold concrete, just like your pathetic fucking pussy of a [family member]. Fuck you.

**The Dec. 7 Voice Message**:
Fuck you, you fucking cunt. I hope your fucking family suffers as much as fucking humanly possible. Your [family member] was a fucking douche bag, and he deserved to fucking die. Fuck you.

*Identification of Shane DALEY as the Caller for the Voice Messages*

6. Company-1's records show that "DALEY SHANE" was the caller associated with the Voice Messages. Additionally, based on information obtained from AT&T for call records related to the '2904 Phone, my review of law enforcement reports, and my conversations with other law enforcement officers, I have learned, among other things, the following:

    a. The subscriber of the '2904 Phone is "Shane E. Daley" with a listed address in Galway, New York (the "Daley Residence") that is the same as DALEY's address in law enforcement databases linked to records of the New York State Department of Motor Vehicles.

    b. From in or about December 4, 2024, up to and including in or about December 7, 2024, the '2904 Phone placed nine calls to Victim-1's phone line at Company-1.

    c. The times and dates of four of the nine calls to Victim-1's phone line correspond to the times and dates of the calls reflected in Company-1's internal records and the times and dates of the Voice Messages.

7. During the investigation, the FBI obtained a search and seizure warrant for GPS location data associated with the '2904 Phone and maintained by AT&T. That GPS location data places the '2904 Phone at or near the Daley Residence during the times each of the Voice Messages

---

[2] The caller was mocking Victim-1's public statement regarding Thompson's murder.

was left on Victim-1's phone line at Company-1, as well as during each of the additional calls placed to Victim-1's line that did not result in a voice message.

8. On July 21, 2025, this Court issued a warrant authorizing the search of the person of Shane DALEY for the '2904 Phone and the seizure and search of the '2904 Phone itself (the "Warrant"). On July 30, 2025, at approximately 6:00 a.m., I and other law enforcement officers stopped DALEY near the Daley Residence and executed the Warrant by seizing the '2904 Phone from DALEY. Based on my verbal interaction with DALEY during the encounter, which was recorded, I recognized DALEY's voice as the same voice that was captured in the Voice Messages left for Victim-1. When asked, DALEY initially denied placing any threatening or harassing calls. However, when questioned specifically about the December 2024 time frame, DALEY asserted that he had been drinking during that period and conceded that it was possible he made such calls. DALEY also informed me that he was the sole user of the '2904 Phone.

## CONCLUSION

9. As set forth above, I respectfully submit that there is probable cause to believe that DALEY has violated 18 U.S.C. § 2261A(2)(B).

Attested to by the affiant:

*Thomas Ford*

Thomas Ford
Special Agent
Federal Bureau of Investigation

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on August 8, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Daniel J. Stewart
United States Magistrate Judge