**Samuel C. Breslin**

733 Broadway, Suite 1
Albany, New York 12207
sam@breslinlawgroup.com
518.650.3733

March 18, 2026

Hon. Anne M. Nardacci
United States District Court Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

> Re.     United States v. Shane Daley
>         Request for Modification of Release Conditions Pending Sentencing

Dear Judge Nardacci:

   I represent Shane Daley in connection with a matter scheduled for a change of plea on March 19, 2026. I write to respectfully ask Your Honor to modify the home confinement aspect of his conditional release to a curfew. Upon information and belief, the government does not intend to oppose this modification, subject to any input from probation.

   Mr. Daley resides with his 72-year-old mother and stepfather in Galway, New York (Saratoga County). His mother, Donna Novak, is a retired elementary school teacher who suffers from several serious health conditions, which in part led Mr. Daley to move home after several years in Vermont. Ms. Novak has had both shoulders and both knees replaced, and was long ago diagnosed with fibromyalgia as well as other conditions. Under his current terms of release, Mr. Daley is restricted to home confinement except for specific and limited activities, which have significantly restricted his ability to assist his mother in much-needed care and assistance.

   Although Mr. Daley's stepfather, Joe Novak, resides at the home in Galway, he spends the workweek in Herkimer County, where he owns apartment buildings and a seasonal campground. Due to the restrictions on his movement, Mr. Daley is unable to assist his mother in daily chores outside of the home, such as grocery shopping, bringing her to medical appointments, and running errands. He is even restricted from assisting with anything outside the confines of the physical home. As an example, their two dogs recently got loose, and Mr. Daley was unable to assist his mother in wrangling them back to the house because of the strict rules of his home confinement. This incident left his mother, who has obvious mobility restrictions, scrambling to do so alone. Similarly, Mr. Daley is unable to assist in general tasks such as shoveling snow, performing yard work, or even taking the dogs for much-needed walks.

Upon information and belief, a modification of Mr. Daley's restrictions from strict home confinement to a curfew will not expose the public, or him, to any risk. Following his arrest in August of last year, Mr. Daley successfully completed a significant inpatient program, followed by a lengthy stay at a halfway house. Upon his successful completion of the PHP, Mr. Daley moved home and continued outpatient treatment with St. Peter's Addiction Recovery Center (SPARC). While he could have successfully completed the SPARC program last month, Mr. Daley voluntarily continued his treatment, but is due to finish in the coming weeks. As reflected in Probation's recent update, there have been no failed drug/alcohol tests, and Mr. Daley is in full compliance with his current conditions of release.

Based on the forgoing, I respectfully ask Your Honor to modify Mr. Daley's conditions of release to allow him a degree of flexibility, which will allow him to assist his ailing mother in a meaningful manner, and regain a small amount of independence while sentencing is pending. Mr. Daley respectfully asks that the condition of home confinement be modified to a curfew that would require him to be home between the hours of 8:00pm and 8:00am, or such other time frame as Your Honor deems fit.

Thank you for your time and consideration.

Respectfully Submitted,

Breslin Law Group, PLLC

Samuel C. Breslin

cc.    AUSA Joshua Rosenthal (By ECF)